**Rayfield J. THIBEAUX,
Plaintiff–Appellant,**

v.

**Burl CAIN, Warden, Dixon Correctional
Institute; Tom Desport, Psychologist,
Eastern Louisiana Mental System;
Unknown Psychiatrist; Richard Dal-
ton, M.D., Medical Director Eastern
Louisiana Mental Health Systems,
Defendants–Appellees.**

No. 10–20827
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 17, 2011.

Rayfield J. Thibeaux, Houston, TX, pro
se.

Before DAVIS, SMITH, and
SOUTHWICK, Circuit Judges.

PER CURIAM: *

Rayfield Thibeaux moves to proceed *in
forma pauperis* ("IFP") in his appeal of
the dismissal with prejudice of his *pro se*
42 U.S.C. § 1983 complaint. He argues
that the defendants have wrongfully re-
fused to accept service and that he is in
imminent danger of bodily harm because
he cannot disconnect a wire that the defen-
dants have implanted into his body, which
he contends is being used to monitor him.
He also seeks the appointment of counsel
and moves for expedited consideration of
his motions.

A movant for leave to proceed IFP on
appeal must show that he is a pauper and
that the appeal is taken in good faith in
that it presents nonfrivolous issues. *Car-
son v. Polley,* 689 F.2d 562, 586 (5th Cir.
1982); 28 U.S.C. § 1915(a)(1). Although
Thibeaux has filed an affidavit of poverty
that indicates that he qualifies for IFP
status, his allegations are fantastic, delu-
sional, and wholly incredible, so they lack
an arguable basis in fact and are frivolous.
*See Denton v. Hernandez,* 504 U.S. 25, 32–
33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992).
The district court thus did not abuse its
discretion when it dismissed Thibeaux's
claims. *See* § 1915(e)(2)(B)(i); *Black v.
Warren,* 134 F.3d 732, 733–34 (5th Cir.
1998).

The appeal is DISMISSED as frivolous.
*See* 5TH CIR. R. 42.2. All outstanding mo-
tions are DENIED. Because Thibeaux
has a history of filing frivolous appeals, *see
Thibeaux v. Fulbruge,* 102 Fed.Appx. 392,
393 (5th Cir.2004), he is warned that any
future frivolous pleadings filed by him in
this court or in any court subject to the
jurisdiction of this court will subject him to
sanctions.

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.